UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                    Plaintiff,

        -against-

AMTEX ELECTRICAL CORP.,

                    Defendant.
-------------------------------------------------------------X

**REPORT & RECOMMENDATION**

07-CV-2030 (NGG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical

Industry ("Joint Board"), brings this action against defendant Amtex Electrical Corp. ("Amtex"),

pursuant to Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185.  (Compl. ¶ 1.)  In light of defendant's

failure to appear in or otherwise defend this action, Finkel moved for default judgment on August

14, 2007.  (Docket Entry 5.)  On August 22, 2007, the Clerk of the Court noted the default

judgment pursuant to FED. R. CIV. P. 55(a).  (Docket Entry 7.)  On September 26, 2007, the

Honorable Nicholas G. Garaufis ordered judgment against Amtex and referred this case to me for

a report and recommendation on the issues of damages, costs and disbursements.  (Docket Entry

8; Docket Entry dated September 27, 2007.)

      For the reasons which follow, I respectfully recommend that a judgment be entered

against Amtex in the amount of $44,230.28, which includes $30,365.69 in unpaid contributions,

$4,271.87 in interest, $5,567.82 in liquidated damages, $3,575.00 in attorneys' fees and $449.90 in costs.

<u>BACKGROUND</u>

The Joint Board jointly administers various employee benefit plans and multi-employer plans that comprise labor-management trust funds within the meaning of ERISA ("ERISA Plans"). (Compl. ¶ 5.) Each of the ERISA Plans was established and maintained pursuant to a collective bargaining agreement ("CBA") between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO ("Union") and various electrical industry employers. (*Id.*; *see also* Decl. Of Ilona M. Turner in Supp. of Req. to Enter Default J. ("Turner Decl.") ¶ 11.) The ERISA Plans include the Pension, Hospitalization and Benefit Plan of the Electrical Industry ("PHBP"), the Dental Benefit Fund of the Electrical Industry ("DEN"), the Annuity Plan of the Electrical Industry ("AP"), the Health Reimbursement Account Plan of the Electrical Industry ("HRAP"), the Deferred Salary Plan of the Electrical Industry ("401(k) Plan"), the Educational and Cultural Trust Fund of the Electrical Industry ("E+C"), the Vacation-Holiday Unemployment Plan of the Electrical Industry ("VHUI") and the National Employees Benefit Fund ("NEBF"). (Compl. ¶ 5; Turner Decl. ¶ 11.) The 401(k) Plan is a tax-qualified profit-sharing plan within the meaning of section 401(k) of the Internal Revenue Code. (Compl. ¶ 6.)

The Joint Board also collects other assessments on behalf of the Union ("Non-ERISA Plans"). (Compl. ¶ 7; Turner Decl. ¶ 13.) These assessments include payments to the Union by employees who authorize their employers to withhold loan repayments due to the Union and/or the ERISA Plans ("Loan Repayments"). (Compl. ¶ 7; Turner Decl. ¶ 13.) In addition, the Joint Board collects contributions to the Electrical Employers Self Insurance Safety Plan ("EESISP"),

Local 3 Dues Assessments ("Dues"), JIB Contributions ("JIB"), the Benefit and Wage Delinquency Fund ("Bene DLQ"), the Electrical Industry Loan Fund ("Loan Fund") and the COPE Fund ("COPE"). (Turner Decl. ¶ 13.)

Amtex was bound to make contributions to the ERISA Plans and Non-ERISA Plans by virtue of its signature to the CBA. (Turner Decl. ¶¶ 15-16; Ex. A.) The Joint Board seeks to recover unpaid contributions to the ERISA Plans and Non-ERISA Plans alleged to be owed to the Joint Board ("Joint Board Benefit Contributions") for the period of the week ending December 7, 2005 through the week ending January 4, 2006 and for unpaid contributions to the 401(k) Plan ("401(k) Plan Contributions") for the period of the week ending November 30, 2005 through the week ending January 4, 2006. (Compl. ¶ 17.) In addition, the Joint Board seeks a payment of interest on late-paid 401(k) Plan Contributions for certain periods occurring between 2002 and 2005. (*Id*. ¶ 19.)

<u>DISCUSSION</u>

Upon entry of a default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability and the Court must then examine whether the plaintiff has provided sufficient support for the damages alleged. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The Second Circuit permits the Court to hold an inquest by affidavit in lieu of an in-person hearing "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)) (other citations

omitted); *see also* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

Judge Garaufis has already entered a default in the Joint Board's favor. The Joint Board is therefore entitled to seek relief for underpayment to the ERISA Plans for: 1) the amount of unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages; 4) reasonable attorney's fees and costs; and 5) such other legal and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). Relief for underpayment of the Non-ERISA Plans is governed by the LMRA. 29 U.S.C. § 185. The Joint Board seeks an award of $44,886.87, which consists of $24,259.79 in unpaid Joint Board Benefit Contributions, $6,105.90 in unpaid 401(k) Plan Contributions, $4,928.46 in interest, $5,567.82 in liquidated damages and $4,024.90 in attorneys' fees and costs. (Turner Decl. ¶ 55.)

A.    Unpaid Contributions

As for the unpaid Joint Board Benefit Contributions, Amtex was required pursuant to the CBA to provide the Joint Board with weekly payroll reports and remittances at specified rates. (*Id*. ¶ 21; *id*. Ex. A at 7-25.) Amtex provided weekly payroll reports, but no remittances, for the weeks ending December 7, 2005 through January 4, 2006. (*Id*. ¶ 22; *id*. Ex. B.) Based on the contribution rates established by the CBA and the payroll reports, the Joint Board has shown that Amtex owes the following for the period of the weeks ending December 7, 2005 through January 4, 2006:

| Plan | Contributions Due |
|------|-------------------|
| PHBP | $11,014.41 |
| DEN | $660.91 |
| VHUI | $5,398.86 |
| AP and HRAP[1] | $3,572.50 |
| E+C | $64.81 |
| NEBF | $1,021.75 |
| JIB | $280.01 |
| EESISP | $1,823.33 |
| Bene DLQ | $135.52 |
| Dues | $287.69 |
| **Total** | **$24,259.79** |

(*Id.* ¶ 23; *id.* Ex. C at 1-10.)  The Joint Board has thus provided sufficient evidentiary support for its claim of $24,259.79 in unpaid Joint Board Benefit Contributions.

As for the unpaid 401(k) Plan Contributions, Amtex submitted 401(k) Plan reports for the weeks ending November 30, 2005 through December 28, 2005.  (*Id.* Ex. E.)  As for the week of January 6, 2006, during which the Joint Board claims that Amtex also owes unpaid 401(k) Plan Contributions, the report does not calculate the relevant amount of contribution.  (*Id.* ¶ 27; *id.* Ex. E.)  Nonetheless, the Joint Board may use other relevant payroll reports to estimate the amount of contributions due.  *See Finkel v. Tech Man, Inc.*, No. 06-CV-2264 (CPS)(KAM), 2007 WL 433399, at *2 (E.D.N.Y. Feb. 6, 2007) (citations omitted).  The Joint Board thus looked to the 401(k) Plan report for the week ending December 28, 2005 to estimate the amount of 401(k) Plan Contributions due for the following week ending January 6, 2006.  (Turner Decl. ¶ 27; *id.* Ex. C at 11; Ex. D.)  In sum, the Joint Board calculated that Amtex owes $6,105.90 in unpaid 401(k) Plan Contributions for the weeks ending November 30, 2005 through January 6, 2006.  (*Id.* ¶ 27;

---

[1] The relevant remittance notices combined the contributions to the AP and HRAP into a single entry.  (Turner Decl. ¶ 23 n.2.)

Ex. C at 11.)  The Joint Board has therefore provided adequate evidentiary support for $6,105.90 in unpaid 401(k) Plan Contributions.

I respectfully recommend that the total amount of unpaid Joint Board Benefit Contributions and 401(k) Plan Contributions is $30,365.69.  (*Id.* ¶ 29.)

B.    Interest

1.    Unpaid Contributions

ERISA entitles the Joint Board to recover interest on unpaid contributions, calculated at the rate specified in the CBA or, if none is stated, the rate prescribed by 26 U.S.C. § 6621.  *See* 29 U.S.C. § 1132(g)(2)(B).  The CBA establishes an interest rate for delinquent payment of the PHBP at the prime rate plus one-half percent calculated on the first of each calendar quarter. (Turner Decl. ¶ 34; *id.* Ex. E at 19-20.)  The CBA also establishes an interest rate for delinquent payment of the NEBF at ten percent compounded monthly.  (*Id.* ¶ 35; *id.* Ex. G at 11.)  The remaining ERISA Plans are governed by § 6621.  (¶ 36; *id.* Ex. H.)

As for the Non-ERISA Plans, the Second Circuit permits an award of prejudgment interest for LMRA claims at the Court's discretion and at a rate in the Court's discretion.  *See Lodges 743 and 1746, Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. United Aircraft Corp.*, 534 F.2d 422, 446-47 (2d Cir. 1975).  The Joint Board seeks an interest rate at the prime rate plus one-half percent.  (Turner Decl. ¶ 37.)  I recommend that an award of prejudgment interest for nonpayment of the Non-Erisa Plans is warranted at this rate.

Based on these rates, the Joint Board has shown that Amtex owes the following interest on unpaid contributions through November 29, 2007:[2]

| Plan | Interest Rate | Applicable Rate | Per Diem | Interest Due |
|---|---|---|---|---|
| PHBP (4Q 2005)[3] | Prime + 1/2% | 7.25% | $1.99 | $1,415.57 |
| PHBP (1Q 2006)[4] | Prime + 1/2% | 7.76% | $0.21 | $147.21 |
| DEN | § 6621 | 7.00% | $0.13 | $90.34 |
| VHUI | § 6621 | 7.00% | $1.04 | $735.59 |
| AP and HRAP | § 6621 | 7.00% | $0.68 | $485.89 |
| E+C | § 6621 | 7.00% | $0.01 | $8.56 |
| NEBF | 10.00% | 10.00% | $0.28 | $198.73 |
| JIB (4Q 2005) | Prime + 1/2% | 7.25% | $0.04 | $34.88 |
| JIB (1Q 2006) | Prime + 1/2% | 7.76% | $0.01 | $4.21 |
| EESISP (4Q 2005) | Prime + 1/2% | 7.25% | $0.33 | $234.55 |
| EESISP (1Q 2006) | Prime + 1/2% | 7.76% | $0.03 | $23.67 |
| Bene DLQ (4Q 2005) | Prime + 1/2% | 7.25% | $0.04 | $19.08 |
| Bene DLQ (1Q 2006) | Prime + 1/2% | 7.76% | $0.00 | $1.79 |
| Dues (4Q 2005) | Prime + 1/2% | 7.25% | $0.04 | $35.71 |
| Dues (1Q 2006) | Prime + 1/2% | 7.76% | $0.01 | $4.30 |
| 401(k) | § 6621 | 7.00% | $1.17 | $832.08 |
| | | **TOTAL** | **$6.01** | **$4,271.87** |

(*Id*. ¶ 38; *id*. Ex. C.)  I therefore respectfully recommend that the Joint Board has provided sufficient evidence that the total interest owed for the unpaid contributions is $4,271.87 plus $6.01 per diem through the date of payment.  (*Id*. ¶ 39.)

---

[2] These amounts differ from those in the Joint Board's motion papers, which calculated interest as of August 14, 2007.   (*See* Turner Decl. ¶ 38.)  In calculating the interest due as of November 29, 2007, I multiplied the "Per Diem" amount established by the Joint Board by the number of additional days that unpaid contributions are due.

[3] "4Q 2005" relates to contributions due in the Fourth Quarter of 2005.  (*See id.*)

[4] "1Q 2006" relates to contributions due in the First Quarter of 2006. (*See id.*)

2.      Late-Paid 401(k) Plan Contributions

The Joint Group claims that Amtex owes interest on certain late-paid 401(k) Plan

Contributions made between June 2002 and November 2005.  (*Id.* ¶ 40.)  The Joint Group's

complaint alleges that the amount of interest owed is $1,280.87.  (Compl. ¶ 20.)  By contrast, the

Joint Group submitted a letter to Amtex dated August 1, 2007, in which the amount of interest

owed is $1,299.66.  (Turner Decl. Ex. I.)  The Joint Group's letter includes a spreadsheet

showing the basis for the Joint Board's calculation of interest, and it appears that the Joint Board

has continued to compound the outstanding interest through the current date.  This computation

is in contravention of 26 U.S.C. § 6621, which provides that "interest must not be compounded

daily but should be simple interest."  *Scalamandre v. Oxford Health Plans (N.Y.), Inc.*, 823 F.

Supp. 1050, 1064 (E.D.N.Y. 1993).  The Joint Board has therefore not met its evidentiary burden

to show the amount of simple interest owed on the late-paid 401(k) Plan Contributions.  I

respectfully recommend that the Joint Board's claim of interest on the late-paid 401(k) Plan

Contributions should be denied without prejudice to a future evidentiary showing that includes a

detailed calculation of simple interest rather than interest compounded daily.

C.      Liquidated Damages

The Joint Board is entitled to liquidated damages on unpaid ERISA Contributions in an

amount equal to the greater of: 1) the interest on the unpaid contributions; or 2) an amount

provided for under the CBA that is no greater than 20% of the unpaid contributions.  29 U.S.C.

§ 1132(g)(2)(C)(i),(ii).  The CBA provides for a rate of liquidated damages at 20%.  (Turner

Decl. Ex. A at 17.)  Using a rate of 20%, the calculation of liquidated damages on unpaid ERISA

Contributions is as follows:

| Plan | Contributions Due | Liquidated Damages Award |
|------|-------------------|--------------------------|
| PHBP | $11,014.41 | $2,202.88 |
| DEN | $660.91 | $132.18 |
| VHUI | $5,398.86 | $1,079.77 |
| AP and HRAP | $3,572.50 | $714.50 |
| E+C | $64.81 | $12.96 |
| NEBF | $1,021.75 | $204.35 |
| 401(k) Plan | $6,105.90 | $1,221.18 |
| | **TOTAL** | **$5,567.82** |

(*Id*. ¶ 44.)  This amount is greater than the total interest on the unpaid ERISA Contributions. Accordingly, I respectfully recommend that the Joint Board be awarded $5,567.82 in liquidated damages.

D.     Attorneys' Fees and Costs

The Joint Board also seeks attorneys' fees and costs.  An award of fees and costs is mandatory under ERISA.  *See* 29 U.S.C. § 1132(g)(2)(D); *Workers Dist. Council of W. New York & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995) (citation omitted).  In support of such a request, the Second Circuit requires that parties submit affirmations and contemporaneous time records.  *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (1983).

The Joint Board's counsel submitted a declaration and contemporaneous time records that show that the Joint Board incurred $3,575.00 in attorneys' fees and $449.90 in costs.  (Turner Decl. ¶¶ 46-54; *id.* Ex. J.)  Counsel sets forth a description of the billing rates as follows: $225 per hour for partners; $200 per hour for associates; and $75 per hour for paralegals.  (*Id.* ¶ 47-48.)  These hourly rates appear to be reasonable.  *See Finkel v. Tech Man*, 2007 WL 433399, at *1-2 (finding in a default ERISA action that $200 per hour for a lawyer with eight years of

experience and $75 per hour for a paralegal are reasonable in this district); *Morin v. Nu-Way Plastering Inc.*, No. 03-CV-405(LDW)(ARL), 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (finding that the prevailing rates in this district are $200-$300 per hour for partners, $100-$250 per hour for associates and $75 per hour for paralegals) (citations omitted). As supported by contemporaneous time records, the Joint Board's counsel sets forth the following billing summary:

| | | |
|---|---|---|
| James R. Grisi | $22.50 | (0.1 hours at $225/hour) |
| Suzanne E. D'Amato | $680.00 | (3.4 hours at $200/hour) |
| David R. Hock | $420.00 | (2.1 hours at $200/hour) |
| Ilona M. Turner | $1,560.00 | (7.8 hours at $200/hour) |
| Olivia Bright | $52.00 | (0.7 hours at $75/hour) |
| Megan E. Ridley | $375.00 | (5.0 hours at $75/hour) |
| Sarah E. Wang | $465.00 | (6.2 hours at $75/hour) |
| **TOTAL** | **$3,575.00** | |

(*Id*. ¶ 48; *id*. Ex J.) Given that detailed calculations were required to determine the contributions and interest owed to the Joint Board (*Id*. ¶ 51), the number of hours expended by counsel and support staff do not appear to be "excessive, redundant, or otherwise unnecessary." *Hensley v. Echerhart*, 461 U.S. 424, 434 (1983) (holding that such costs should be excluded from awards of attorneys' fees). I therefore recommend that the Joint Board be awarded $3,575.00 in attorney's fees.

The Joint Board also provided documentation that it expended $449.90 in costs relating to the case filing fee, service fee, postage, photocopies and ground transportation. (Turner Decl. ¶ 53; *id*. Ex. J.) These costs do not appear to be ordinary overhead and are charged to the Joint Board in the statements provided. Therefore, I recommend that such costs be awarded. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (holding that expenses such as

"duplicating, postage, telephone, computerized legal research and other office expenses" are recoverable and ordinarily not absorbed into an attorneys' fee).

RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the Joint Board be awarded $44,230.28, which includes $30,365.69 in unpaid contributions, $4,271.87 in interest, $5,567.82 in liquidated damages, $3,575.00 in attorneys' fees and $449.90 in costs. The Joint Board is hereby directed to serve copies of this Report and Recommendation upon Amtex at its last known address by certified mail, return receipt, and to promptly file proof of service on ECF. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Nicholas G. Garaufis within ten business days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated: November 29, 2007**
**Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**